IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ROBERT FISK,                      :

    Plaintiff,                :      Case No.  3:16cv00118

vs.                               :      District Judge Thomas M. Rose
                                                                    Chief Magistrate Judge Sharon L. Ovington

DAYTON POLICE DEPARTMENT,         :
*et al.*,
                                           :

    Defendants.

---

**REPORT AND RECOMMENDATIONS[1]**

---

**I.  Introduction**

    Plaintiff Robert Fisk, a resident of Dayton, Ohio, brings this case *pro se* asserting that police officers Wombold and Cartte (no first names provided), and Dayton Municipal Court Magistrate Collette E. Moorman, violated his constitutional rights.  Plaintiff's claims concern the events that occurred during his arrest and prosecution for a crime he does not identify.  He seeks $25,000 in damages, all charges and fines imposed on him by the Dayton Municipal Court be expunged, and various other remedies (described below).

    The Court previously granted Plaintiff's Application to Proceed *in forma pauperis* under 28 U.S.C. §1915.  The case is presently before the Court upon for an initial *sua*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*sponte* review to determine whether Plaintiff's complaint, or any portion of it, must be dismissed because it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. §1915(e)(2); *see, e.g., Anson v. Corr. Corp. of Am.*, 529 Fed. App'x 558, 559-60 (6th Cir. 2013). "A complaint is frivolous only if the plaintiff fails to present a claim with 'an arguable basis either in law or in fact.'" *Brand v. Motley*, 526 F.3d 921, 923 (6th Cir. 2008) (quoting, in part, *Neitzke v. Williams,* 490 U.S. 319, 325 (1989)). A complaint lacks an arguable legal basis when it presents "indisputably meritless" legal theories – for example, when the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *See Neitzke,* 490 U.S. at 327-28; *see also Brand,* 526 F.3d at 923. A complaint lacks arguable facts when its allegations are "fantastic or delusional." *Brand,* 526 F.3d at 923 (quoting *Neitzke,* 490 U.S. at 327-28); *see Lawler v. Marshall,* 898 F.2d 1196, 1199 (6th Cir. 1990).

## II. <u>Discussion</u>

Plaintiff's Complaint reads verbatim, without correction or identification of punctuation or typographical shortcomings, as follows:

> On 3-4-16 @ Springfield St Dayton Ohio Officer Wombold assaulted me put me in an arm bar and slammed by head on hood of the car
> On 3-4-26
> Officer Cartte failed to stop Officer Wombold and took my phone from me which I was useing to make video of event and erased video–also lyed in open court–
>
> On/or about 3-14-16 also on 3-24-16 Collete E. Moorman didn't do her duty to observe my rights fully explain the charges against me or divulge which

> jurisdiction the Court was operating under violating due process and equal protection of laws depriving me of the right to Fair and Impartial trial also violating her oath of office.

(Doc. #2, *PageID* #20).

Before addressing the problems in Plaintiff's Complaint, it should be noted that his complaint does not raise fantastic or delusional facts. It is instead based on rational allegations. *See Jones v. Schmaker*, 1999 WL 1252870 at *1 (6th Cir. 1999) ("Examples of claims lacking rational facts include a prisoner's assertion that Robin Hood and his Merry Men deprived prisoners any access to legal texts. (citing *Lawler*, 898 F. 2d at 1198-99)); *cf. Iqbal*, 556 U.S. at 696 (Souter, J., dissenting) (courts need not accept as true "allegations that are sufficiently fantastic to deny reality as we know it: claims about little green men, or the plaintiff's recent trip to Pluto, or experiences in time travel."). Plaintiff's Complaint, therefore, may not be dismissed as factually frivolous.

It remains to be seen whether Plaintiff's Complaint sets forth one or more claims with an arguable basis in law. *See Brand*, 526 F.3d at 923. This is where the Complaint encounters problems.

Construing Plaintiff's pro se Complaint liberally in his favor, he seeks to raise his constitutional claims under 42 U.S.C. § 1983. His § 1983 claims must reveal that Defendants acted under the color of state law and, in doing so, violated his rights under the United States Constitution. *See Markva v. Haveman*, 317 F.3d 547, 552 (6th Cir. 2003). In addition, Plaintiff's §1983 claims must overcome several well established legal doctrines, beginning with absolute immunity and his claims against Magistrate Moorman.

3

"For centuries, the cloak of absolute judicial immunity has shielded judges from claims pertaining to actions they have taken in discharging their official duties." *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997).  Absolute judicial immunity serves "to preserve the independence of the judiciary by allowing judges to rule without fear of recourse.  Immunity protects 'judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants.'" *Id.* (quoting, in part, *Forrester v. White,* 484 U.S. 219, 225 (1988)).  Absolute immunity applies to Plaintiff's claims that Magistrate Moorman violated his constitutional rights because she allegedly did so in her paradigmatic role as the judicial officer presiding over the criminal case against Plaintiff in the Dayton Municipal Court.  *See Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) ("It is well-established that judges enjoy judicial immunity from suits arising out of the performance of their judicial functions." (citing *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967)).  As a result, absolute immunity shields Magistrate Moorman from Plaintiff's §1983 claims.

The next problem in the Complaint arises from Plaintiff's attempt to assert claims against the Dayton Municipal Court and the Dayton Police Department.  The entities, however, are not "persons" under § 1983 and lack the capacity to be sued (*i.e.*, they are not *sui juris*).  *See Hale v. Vance*, 267 F. Supp. 2d 725, 737 (S.D. Ohio 2003); *see also Evans v. Cordray*, No. 2:09-CV-587, 2012 WL 1021698, at *3 (S.D. Ohio Mar. 26, 2012) ("[I]t is not proper to make a court a defendant.  Courts are not persons within the meaning of 42 U.S.C. § 1983.").  These claims, therefore, fail due to the absence of an

4

arguable basis in law.

Turning to the specific relief Plaintiff seeks in his Complaint, two problems emerge. First, Plaintiff seeks an Order raising federal criminal charges against the Defendant Police Officers. No such relief is available to Plaintiff because the Executive Branch of the U.S. Government prosecutes such claims, rather than private citizens. *See Westfall v. Plummer,* No. 2:10cv813, 2010 WL 4318586, at *2 (S.D. Ohio Oct. 25, 2010) (and cases cited therein) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case. Private citizens may not do so; 'a private citizen[ ] has no standing to initiate federal criminal prosecution ....'"). Consequently, as a matter of law, he may not institute a federal criminal case by lodging a claim with the Judicial Branch of Government.

Second, Plaintiff asks this Court to Order the Dayton Municipal Court to drop the charges and fines against him and to expunge his convictions. Such relief is not available because the Complaint does not describe circumstances, which when taken as true, show that his criminal conviction (whatever offense it might have involved—the Complaint is silent on this) has been vacated, set aside, or otherwise altered. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (§ 1983 claims arising from an allegedly unconstitutional conviction or sentence will not lie unless the plaintiff has already succeeded in having the conviction or sentence invalidated).

Despite all the above problems, Plaintiff's Complaint may proceed past the initial-review stage of this case on one claim—namely, that Defendants Wombold and Carrte

used excessive force to effect his arrest. The Fourth Amendment provides the legal basis for this claim, *see Rudlaff v. Gillispie*, 791 F.3d 638, 641 (6th Cir. 2015) (and cases cited therein) and, therefore, it is not based on an undisputedly meritless legal theory.

Accordingly, for the above reasons, Plaintiff's claims against Defendants Dayton Police Department, Dayton Municipal Court, and Magistrate Moorman are subject to dismissal under 28 U.S.C. § 1915(e)(2). Plaintiff's excessive force claim under the Fourth Amendment against Defendants Officers Wombold and Cartte is not subject to dismissal at this stage of the case.

Given Plaintiff's in-forma-pauperis status, he is entitled to have service of process made by the United States Marshal (USM) upon Defendants Wombold and Cartte, in the event this Report and Recommendations is adopted. Plaintiff has prepared and submitted to the Clerk of Court the summons form and the USM Form 285 for Defendant Wombold but not for Defendant Cartte. In the event the Court adopts this Report and Recommendations, Plaintiff should be Ordered to prepare and submit to the Clerk of Court a summons form and USM Form 285 for Defendant Cartte.

Plaintiff will thereafter serve each Defendant— or their attorney in the event the attorney's appearance is entered in the record—with a copy of every document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date and a true and correct copy of any document mailed to defendant or its attorney. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk of Court or that fails to include a

certificate of service will be disregarded by the Court.

Lastly, Plaintiff must inform the Clerk of Court promptly of any changes of address he has during the pendency of this lawsuit. Failure to do so may result in dismissal of this case for failure to prosecute.

## IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's claims against the Dayton Police Department, the Dayton Municipal Court, and Magistrate Moorman be DISMISSED with prejudice pursuant to 28 U.S.C. §1915(e)(2);

2. Plaintiff's excessive force claim under the Fourth Amendment against Defendants Officers Wombold and Cartte not be dismissed; and

3. The United States Marshal's Office be ORDERED to effect service upon Defendants Wombold and Cartte, under Fed. R. Civ. P. 4(c)(3), once it receives the required forms from the Clerk of Court. All costs of service shall be advanced by the United States.

June 24, 2016

                                                         s/Sharon L. Ovington
                                                         Sharon L. Ovington
                                            Chief United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

      Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

      Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).