# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| ROBERT FISK, | : | Case No. 3:16-cv-00118 |
| | : | |
| Plaintiff, | : | District Judge Thomas M. Rose |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| DAYTON POLICE DEPARTMENT, | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

Plaintiff filed this case pro se and *in forma pauperis*. The undersigned previously issued a Report and Recommendations concluding that all but one claim he asserted in his Complaint should be dismissed under 28 U.S.C. §1915(e)(2). (Doc. #3, *PageID* #s 26-27). The Report, moreover, notified Plaintiff that he "must inform the Clerk of Court promptly of any changes of address he has during the pendency of this lawsuit. Failure to do so may result in dismissal of this case for failure to prosecute." *Id.* at 28. In August 2016, District Judge Rose adopted the Report and Recommendations over Plaintiff's Objections. (Doc. #7).

Since those events, Defendants Carrte and Wombold have attempted to proceed with discovery but encountered difficulties. They therefore filed a Motion to Compel (Doc. #14). The next day, the Court issued an Order to Show Cause that required Plaintiff to answer

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

Defendants' First Set of Interrogatories and First Requests for Production of Documents or show cause why Defendants' Motion to Compel should not be granted. (Doc. #15). Although the Clerk of Court attempted to serve the Show Cause Order on Plaintiff at his address of record, the postal service returned it to the Clerk of Court marked "Not Deliverable as Addressed." (Doc. #18).

By this time, the deadline for Plaintiff to respond to Defendants' Motion to Compel and the Order to Show came and went with no word from Plaintiff. Consequently, the undersigned issued an Order granting Defendants' Motion to Compel and instructing Plaintiff to respond, on or before June 2, 2017, to Defendants' discovery requests. The Court also directed Plaintiff to show cause why this case should not be dismissed for failure to prosecute. Plaintiff was again notified that "failure to comply with this Order could result in the imposition of additional sanctions, including, but not limited to, dismissal of the lawsuit with prejudice to refiling." (Doc. #19, *PageID* #106). Plaintiff has not responded to the Order to Show Cause.

Defendants recently filed a Notice explaining that Plaintiff has failed to produce the discovery responses required by the Court's Order to Show Cause. They seek an Order dismissing the case due to Plaintiff's failure to prosecute, failure to respond to Defendants' discovery requests, failure to inform the Court of his current address, and failure to respond to the Court's two Orders to Show Cause. (Doc. #21, *PageID* #109).

Rule 41(b) of the Federal Rules of Civil Procedure authorizes dismissal of a case for failure to prosecute. Additionally, district courts have the inherent power to dismiss civil cases for want of prosecution to "manage their own affairs so as to achieve the orderly and

2

expeditious disposition of cases. *Link v. Wabash R.R.*, 370 U.S. 626, 630-31 (1962). The record of this case establishes that Plaintiff has failed to respond to the Court's two Orders to Show Cause and to Defendants' discovery requests despite being ordered to do so. Plaintiff has also not kept the Court apprised of his current address and has not otherwise taken action in this case since participating in the preparation of the parties Rule 26(f) Report on December 8, 2016. (Doc. #12). The main problem with Plaintiff's lack of action over the last six months is that the record lacks any explanation for his omissions and failure to comply with the Court's discovery Order. Under these circumstances, dismissal of this case under Rule 41(b) and the Court's inherent power is warranted.

**IT IS THEREFORE RECOMMENDED THAT**:

1. Defendants' request for an Order dismissing this case (Doc. #21) be GRANTED; and

2. The case be terminated on the Court's docket.

June 6, 2017                                            *s/Sharon L. Ovington*
                                                                                  Sharon L. Ovington
                                                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within FOURTEEN days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to SEVENTEEN days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within FOURTEEN days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).